ROSE *et al.*, Com'rs of highways of the town of Cambria, v. DEPUE, appellant.

*Highway commissioners — alteration of judgment by justice.*

The plaintiffs, as highway commissioners, were induced by the false representa tions of defendant as to quality, etc., to purchase and pay for some lumber. The sum paid therefor was afterward allowed to the commissioners by the town board. *Held,* that the credit given the commissioners by the town did not impair their right to recover back the money paid defendant.

The alteration by a justice, of a judgment already entered on his docket, does not defeat the judgment, but it remains a judgment for the amount origi- nally entered.

APPEAL from judgment of county court in favor of plaintiff in an action commenced in the court of a justice of the peace. The facts are stated in the opinion.

*Elsworth & Potter,* for appellant, cited *Cornell* v. *Town of Guilford,* 1 Denio, 510 ; *Reed* v. *Randall,* 29 N. Y. 358 ; *Neaffie* v. *Hart,* 4 Lans. 4; *Keirnan* v. *Rocheleau,* 6 Bosw. 148; *Muller* v. *Eno,* 14 N. Y. 597 ; *Cary* v. *Gruman,* 4 Hill, 625 ; *Sibley* v. *Howard,* 3 Denio, 72 ; *Watson* v. *Davis,* 19 Wend. 371; *People ex rel. Phelps* v. *Delaware Com. Pleas,* 18 id. 558.

*Southworth & Simpson,* for respondents, cited *Howard* v. *Hoey,* 23 Wend. 350; *Rust* v. *Eckler,* 41 N. Y. 488 ; *Masson* v. *Bovet,* 1 Denio, 69 ; *Reed* v. *Randall,* 29 N. Y. 358; *Neaffie* v. *Hart,* 4 Lans. 4; *Dutchess Co.* v. *Harding,* 7 Alb. L. J. 76 ; *McNeil* v. *Scofield,* 3 Johns. 436 ; *Tifft* v. *Tifft,* 4 Denio, 175 ; *Willard* v. *Bridge,* 4 Barb. 361; *Brown* v. *Katin,* 7 Alb. L. J. 204; Thomp. on Highw. 97, 98; *Cornell* v. *Guilford,* 1 Denio, 515.

MULLIN, P. J. The plaintiffs, as commissioners of highways of the town of Cambria, in the county of Niagara, brought an action before a justice of the peace, of said town, to recover of the defend- ant $22.20 paid to him under the following circumstances:

The plaintiffs, as such commissioners, desiring to repair a bridge in their town, applied to defendant to know if he had timber for sale, such as they wanted. He said he had, and an agreement was

Rose v. Depue.

then made that he would deliver to them timber of the kind and quality and dimensions desired, and for which they would pay such price as a dealer in lumber in the vicinity should say it was worth.

Defendant got out the timber and carried it to the bridge on a sleigh with other timber. He called on one of the plaintiffs on his way, and he (plaintiff) went round the sleigh, saw the end of the sticks, but did not see any more of it, because it was covered partly by the other timber on the sleigh. The commissioner discovered that the end of one stick was rotten, and called defendant's attention to it, and he told the commissioner that the stick was long enough to allow the rotten part to be cut off, and still leave it as long as was required for the bridge.

After this, defendant went to another commissioner, and told him he had delivered the timber, that it had been examined by one of the commissioners, and accepted; that the dealer had said that the timber was worth from $40 to $80 per thousand feet, but he would accept payment at the rate of $60 per thousand, and there was three hundred and seventy feet of it.

These representations were all false, and the amount of $22.20, to which the three hundred and seventy feet came at the price of $60 per thousand feet, was paid to defendant, upon the assumption that they were true.

The plaintiff had judgment before the justice; that judgment was entered, as the justice certifies in his return to an appeal from it on the 20th January, 1872, for $24.02 damages and $4.75 costs. The county court made an order requiring the justice to return to the court whether the date and amount of said judgment had not been altered, since it was entered in his docket. He returned in obedience to the order that the date had not been altered; that by mistake he entered the date in the first instance as the 21st, but on discovering that the correct date was the 20th, he erased the 1 and wrote in its place the cypher, thus changing it from the 21st to the 20th.

The person who tried the cause for the defendant went to the justice on the 5th of February, 1872, and urged the justice to reduce the amount of costs in the judgment, and he reduced the amount from $6.75 to $4.75. The defendant made affidavit in the county court that he never knew of or authorized any person to procure an alteration of said judgment.

VOL. I. — 3

The county court affirmed the judgment, and from that judgment the defendant appeals.

There is no room for doubt as to the correctness of the judgment before the justice. The defendant procured the money from plaintiffs by fraud, and without any honest attempt to perform the contract.

The credit of the account for the money paid by plaintiffs to the defendant cannot impair the rights of the commissioners to recover back the money. The town had no right of action against the defendants. The plaintiffs alone had, and that right of action would only be released or extinguished by the plaintiffs themselves.

The case of *The People* v. *The Delaware Common Pleas*, 18 Wend. 558, decides that a justice cannot alter the amount of a judgment after it is entered on his docket, and if altered it remains and must be held to be a judgment for the amount for which it was originally entered.

If an alteration should be allowed to defeat the judgment there never would be an end to litigation.

The judgment of the county court and of the justice must be affirmed.